

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed November 22, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 11-30215-HDH-11 |
| VIN VIK Inc. § | |
| § | CHAPTER 11 |
| Debtor. § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
UNDER 11 U.S.C. § 1129 CONFIRMING
DEBTOR'S AMENDED PLAN OF REORGANIZATION**

WHEREAS, on April 4, 2011, VIN VIK, Inc. (the "Debtor"), debtor and debtor-in-possession in the above-referenced case, filed its Plan of Reorganization [Docket No. 59] and the Disclosure Statement (the "Disclosure Statement") [Docket No. 60]; and

WHEREAS, on October 17, 2011, this Court entered an order approving the adequacy of the Disclosure Statement in accordance with Section 1125 of the Bankruptcy Code, setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan (the "Disclosure Statement Order") [Docket No. 103]; and

Case 11-30215-hdh11 Doc 121 Filed 11/22/11    Entered 11/22/11 16:02:10    Page 2 of 17

WHEREAS, on October 20, 2011, and in accordance with the Disclosure Statement Order, the Debtor caused the Plan, Disclosure Statement, Disclosure Statement Order, and a ballot for voting to accept or reject the Amended Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes for the Debtor; and

WHEREAS, on November 18, 2011, the Debtor filed its Amended Plan of Reorganization of Debtor (the "Amended Plan") [Docket No. 116][1]; and

WHEREAS, the Debtor, at the hearing on the confirmation of the Plan, held on November 21, 2011, provided the Court with a tabulation of the votes submitted by the holders of all Classes of Claims (the "Voting Tabulation"); and

WHEREAS, all objections to the Plan were resolved; and

WHEREAS, pursuant to Bankruptcy Code Section 1128(a), the Court held a hearing commencing on November 21, 2011, at 10:45 a.m. (the "Confirmation Hearing"), which hearing was to consider confirmation of the Amended Plan; and

WHEREAS, at the Confirmation Hearing the testimony of Samir Patel was proffered in support of the Debtor's Amended Plan of Reorganization; and

WHEREAS, the Affidavit of Samir Patel in Support of Confirmation of Debtor's Amended Plan of Reorganization [Docket No.120] was filed in the Case.

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, any declarations, pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); (iii) the Affidavit of Samir Patel in Support of Confirmation of

---

[1] All terms not otherwise defined herein shall have the same meaning ascribed to them in the Amended Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION - Page 2**

Chapter 11 Plan of Reorganization [Docket No. 120]; and (iv) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:[2]**

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Amended Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Amended Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Burden of Proof</u>. The Debtor has the burden of proving the elements of Bankruptcy Code Sections 1129(a) by a preponderance of the evidence.

3. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement, the Amended Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Amended Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

4. <u>Solicitation</u>. Votes for acceptance or rejection of the Amended Plan were solicited in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION - Page 3**

5. <u>Distribution</u>. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

6. <u>Impaired Classes That Have Voted to Accept the Plan</u>. As evidenced by the record established at the Confirmation Hearing, which, *inter alia*, sets forth the voting results on the Amended Plan, impaired Classes have voted to accept the Amended Plan in accordance with the requirements of Sections 1124 and 1126 of the Bankruptcy Code.

7. <u>Modifications To The Plan</u>. The modifications and amendments in the Amended Plan set forth on the record at the Confirmation Hearing, or made by this Confirmation Order, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, under Fed. R. Bankr. P. 3019, these modifications neither require additional disclosure under Bankruptcy Code Section 1125 nor re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Amended Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case. Accordingly, pursuant to Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Amended Plan are deemed to have accepted such modifications to the Amended Plan.

8. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Amended Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a. <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four (4) Classes of impaired Claims (Classes 1-4) against the Debtor. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code Section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Amended Plan, and such Classes and the Amended Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Amended Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

b. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article 5 of the Amended Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code Section 1123(a)(3).

c. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Amended Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code Section 1123(a)(4).

d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Amended Plan provides adequate and proper means for implementing the Amended Plan. Pursuant to Section 1123(a)(5)(D) of the Bankruptcy Code, Article 6.1 establishes that the Reorganized Debtor shall continue operating the hotel Property following the Effective Date, and shall only be required to dedicate sufficient revenues to fund all obligations contained in the Amended Plan. Article 6.2 provides that the Reorganized Debtor shall be owned by Hema Desai upon the Reorganized Debtor's receipt of an equity contribution (the "Capital Contribution") in the amount of $132,575.00 on or before the Confirmation Date. Further, Article 6.3 provides that the Capital Contribution shall be first used to fund any unpaid Administrative Claims, with remaining amounts fund plan payments in ordinary primary scheme of the Bankruptcy Code. Thus, Section 1123(a)(5) of the Bankruptcy Code is satisfied. Other articles of the Amended Plan provide means for implementation of the Amended Plan as well. For example, Articles VII provides for the treatment of executory contracts and unexpired leases; Article VIII provides for the resolution of undetermined claims, Article IX provides for distribution procedures and Article XI provides for the continuing jurisdiction over

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION - Page 5**

matters arising out of or related to this Chapter 11 Case and the Amended Plan.

e. <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management by stating on the record at the Confirmation Hearing that Hema Desai will remain the managing member of the Reorganized Debtor, thereby satisfying Bankruptcy Code Section 1123(a)(7).

f. <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>. The Amended Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

9. <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Amended Plan and the proponent of the Amended Plan.

10. <u>Notice of the Confirmation Hearing—Fed. R. Bankr. P. 2002 and 3017</u>. The Debtor has given notice of the Confirmation Hearing, the deadline to accept or reject the Amended Plan, the deadline to object to the Amended Plan in accordance with the Disclosure Statement Order and the Notice Order. The solicitation packages prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Amended Plan in accordance with Fed. R. Bankr. P. 2002 and 3017 and the Notice Order.

11. <u>Solicitation of Votes - Fed. R. Bankr. P. 3018</u>. The solicitation of votes to accept or reject the Amended Plan and requests for consent to the treatment provided under the Amended Plan satisfy Fed. R. Bankr. P. 3018. The Solicitation Package was transmitted to all creditors entitled to vote on the Amended Plan, sufficient time was prescribed for such creditors to accept or reject the Amended Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code Section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

12. <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2). Specifically, the Debtor proffered the testimony of Samir Patel, the Debtor's accountant who is familiar with the Debtor's books and records and its day-to-day operations. Additionally, the Affidavit of Samir Patel was filed in support of confirmation, which affidavit stated:

    a. The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code Section 109.

    b. the Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court.

    c. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Amended Plan.

13. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Amended Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

14. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code Section 1129(a)(4).

15. <u>Identification of Directors, Officers, and Insiders</u> —11 U.S.C. § 1129(a)(5). The Debtor has complied with Bankruptcy Code Section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Amended Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Amended Plan, as a director or officer of the Debtor.

16. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Amended Plan. Thus, Bankruptcy Code Section 1129(a)(6) is not applicable in this Chapter 11 Case.

17. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Amended Plan satisfies Bankruptcy Code Section 1129(a)(7). The Disclosure Statement, Amended Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Amended Plan, on account of such Claim, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

18. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Amended Plan satisfies the requirements of Bankruptcy Code Sections 1129(a)(9)(A) and (C).

19. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of Claims that is impaired under the Amended Plan has accepted the Amended Plan thereby satisfying Bankruptcy Code Section 1129(a)(10).

20. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Amended Plan satisfies the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code. Specifically, the Amended Plan is not likely to be followed by liquidation or need for further reorganization.

21. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Amended Plan, thus satisfying the requirements of Bankruptcy Code Section 1129(a)(12).

22. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Amended Plan. Thus, Bankruptcy Code Section 1129(a)(13) is not applicable to the Debtor.

23. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. The Amended Plan does not provide for the sale of any of the Debtor's property. Thus, Bankruptcy Code Section 1129(a)(16) is inapplicable.

24. <u>11 U.S.C. § 1129(b)</u>. At least one impaired class has voted to accept the Plan, and the Amended Plan does not discriminate unfairly as it is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Therefore, the "cramdown" provisions of 11 U.S.C. § 1129(b) have been met. Upon confirmation and the occurrence of the Effective Date, the Amended Plan shall be binding upon: (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Amended Plan and whether or not, if impaired, such holders accepted the Amended Plan, (c) any other party in

interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

25. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Amended Plan and their participation in the activities described in Bankruptcy Code Section 1125.

26. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Article V of the Amended Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Amended Plan.

27. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Amended Plan constitutes a motion by the Debtor to assume all executory contracts and unexpired leases not expressly assumed or rejected within ninety (90) days of the Confirmation Date. Accordingly, the Amended Plan complies with Bankruptcy Code Section 1123(b)(2).

28. <u>Notice of Assumption of Leases</u>. Based on the record, and the representations of the counsel at the Confirmation Hearing, each entity whose lease is to be assumed pursuant to this Order, has been given adequate notice of the Debtor's intent to assume such leases.

29.    Satisfaction of Confirmation Requirements.  The Amended Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

30.    Objections.  All objections to the Amended Plan were withdrawn, settled, or overruled.

31.    Plan Modifications.  The modifications to the Amended Plan put on the record at the Confirmation Hearing and set forth herein do not materially or adversely affect or change the treatment of any holder of a Claim who has not accepted the modifications.  Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code Section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of claims be afforded an opportunity to change previously cast acceptances or rejections of the Amended Plan.  Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case.

## DECREES

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1.    Confirmation of the Plan.  The Amended Plan, which consists of the Amended Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code Section 1129 in its entirety.  The terms of the Amended Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.    Objections.  Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Amended Plan included therein, are overruled on the merits.

3. <u>Approval of Plan Modifications</u>. The modifications, if any, set forth on the record in the Amended Plan are approved. The Amended Plan, as so modified, shall constitute the Amended Plan and all references herein to the Amended Plan shall mean the Amended Plan as so modified.

4. <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>. The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Amended Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Amended Plan (including the Amended Plan Exhibits and all documents and agreements executed pursuant to the Amended Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Amended Plan and whether or not, if impaired, such holders accepted the Amended Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. Upon the occurrence of the Effective Date with respect to the Debtor, the Amended Plan shall be deemed substantially consummated.

5. <u>Releases and Exculpation</u>. The releases and exculpation provisions set forth in Article XIII of the Amended Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Amended Plan.

6. <u>Injunction Against Interference with the Plan</u>.  Pursuant to Article 13.9 of the Amended Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Amended Plan, unless expressly provided otherwise in the Amended Plan.

7. <u>Plan Implementation Authorization</u>.  Pursuant to the Amended Plan, all necessary documents for the implementation of the Amended Plan shall be executed by all necessary parties in interest on or before the Effective Date, unless an earlier date is provided for in a particular document under the Amended Plan.

8. <u>Binding Effect</u>.  On the Effective Date, except as expressly provided in this Confirmation Order, the Amended Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Amended Plan and whether or not such holder or entity has accepted the Amended Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

9. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>.  Pursuant to Article VII of the Amended Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be assumed on the ninety-first (91st) day after the Confirmation Date, unless such executory contract or unexpired lease has been previously rejected, or is subject to a pending motion to assume as of the Confirmation Date.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION - Page 13**

Specifically, the executory contracts and leases the Debtor has with LQ Franchising, LLC is assumed as of the Effective Date.

10. <u>Rejection Damage Claims</u>. Pursuant to Article 7.3 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

11. <u>Reservation of Rights Regarding Executory Contracts and Unexpired Leases</u>: Pursuant to 7.4 of the Amended Plan, the Debtor has the right to file applications for the assumption or rejection of any executory contract or unexpired lease at any time prior to ninety (90) days after the Confirmation Date.

12. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Amended Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Amended Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

13. <u>Exemption from Certain Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Amended Plan shall not be subject to any stamp, transfer tax, or similar tax.

14. <u>Late-Filed Claims</u>. All claims subject to and filed after the Bar Date are hereby disallowed.

15. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Amended Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

16. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date. After the Effective Date, neither the Debtor nor its Estate shall thereafter be liable for the payment of any additional fees.

17. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Amended Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Amended Plan or any amendments or modifications thereto.

18. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article IX of the Amended Plan.

19. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all

creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

20. <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

21. <u>Reference to Plan Provisions</u>.  The failure to specifically include or reference any particular provision of the Amended Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Plan be confirmed in its entirety.

22. <u>Inconsistency</u>.  In the event of an inconsistency between the Amended Plan and any other agreement, instrument, or document intended to implement the provisions of the Amended Plan, the provisions of the Amended Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any express inconsistency between the Amended Plan and any agreement, instrument, or document intended to implement the Amended Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

23. <u>Enforceability</u>.  Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Amended Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

24. <u>Final Order</u>.  This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

25.  <u>Administrative and Professional Fee Claims</u>.  The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order.  Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed.  The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to Sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is sixty (60) days after the Effective Date.  The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.  If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Amended Plan and this Order.

PREPARED AND SUBMITTED BY:

/s/ Rakhee V. Patel
Rakhee V. Patel
Texas Bar No. 00797213
Jason P. Kathman
Texas Bar No. 24070036
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: (214) 658-6500
Facsimile: (214) 658-6509

**ATTORNEYS FOR DEBTOR and DEBTOR-IN-POSSESSION**